30 P.3d 231

In the INTEREST of JOHN DOE Born on April 13, 1982, Respondent–Appellant.

No. 23464.

Supreme Court of Hawai'i.

Aug. 22, 2001.

Deborah L. Kim, Deputy Public Defender, on the briefs, for respondent-appellant.

Tracy Murakami, Deputy Prosecuting Attorney, County of Kauai, on the briefs, for petitioner-appellant.

MOON, C.J., LEVINSON, and ACOBA, JJ.; and NAKAYAMA, J., DISSENTING, with whom RAMIL, J., JOINS

OPINION OF THE COURT BY ACOBA, J.

We hold, pursuant to *State v. Wilson*, 92 Hawai'i 45, 987 P.2d 268 (1999), reaffirmed in *State v. Garcia*, 96 Haw. 200, 29 P.3d 919 (2001), that a blood alcohol concentration (BAC) test result obtained from a driver as a result of advice that was condemned in *Wilson* regarding license revocation penalties for taking and failing the test must be suppressed. Moreover, the additional advice

given to Respondent–Appellee John Doe [1] (Respondent), advising· him that a driver under twenty-one years of age who chooses to take a BAC test and fails it would be subject to a license suspension of "up to six months" rather than one year was erroneous in light of the applicable mandate in Hawai'i Revised Statutes (HRS) § 291–4.3 (Supp.2000), that suspension for refusal to take a test is six months.· Therefore, we affirm the May 16, 2000 findings of fact, conclusions of law, and order of the family court of the fifth circuit (the court) in the instant case [2] that were consistent with the foregoing propositions and suppressed the BAC test result of Respondent.

## I.

The following facts were stipulated to by Respondent and Petitioner–Appellant State of Hawai'i (the prosecution):

1. On September 30, 1999 Respondent, [born April 13, 1982], ... was ordered to pull to the side of the road when he reached a Kauai Police Department [ (KPD) ] road block;

2. [KPD] Officer Eric Kaui asked Respondent his age and for his driver's license.

3. *Respondent replied that he was seventeen years old and that he left his driver's license at home.*

4. Officer Kaui informed Respondent that he smelled of smoke and alcohol.

5. Officer Kaui also noticed that the Respondent's eyes were red and that the Respondent had a slight slur in his speech.

6. Based on his observations, Officer Kaui performed a field sobriety test on the Respondent.

7. After giving the Respondent a field sobriety test, Officer Kaui determined that the Respondent had failed the test and arrested the Respondent.

8. The Respondent was transported to the Lihue Police Station.

9. *At the Lihue Police Station Officer Kaui advised the Respondent of the Implied Consent Law.*

10. *Officer Kaui used KPD form 209 (Exhibit A) and KPD form 544 (Exhibit B) to advise the Respondent.*

11. *After Officer Kaui reviewed both forms with the Respondent, the Respondent elected to take the breath test.*

12. *The breath test indicated that the Respondent had a .03 blood alcohol content.*

(Emphases added.)

KPD form 209, the first of the two forms read to Respondent prior to the administration of the breath test, was entitled "Hawai'i Administrative Driver's License Revocation [ (ADLR) ] Law[,]" and provided in pertinent part as follows:

I READ THE FOLLOWING TO THE ARRESTEE: Pursuant to the [ADLR] Law, I must inform you (arrestee) of the following:

. . . .

B. That if you refuse to take any tests the consequences are as follows:

1. If your driving record shows no prior alcohol enforcement contacts during the five years preceding the date of your arrest, your driving privileges will be *revoked for one year instead of the three month revocation that would apply if you chose to take a test and failed it* [.]

. . . .

C. That criminal charges under Sec. 291–4 HRS may be filed[.]

(Emphasis added.) HRS § 291–4 (Supp. 1999) provides, *inter alia,* that a person commits the offense of driving under the influence of alcohol if he or she operates any vehicle "with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .08 or more grams of alcohol per two hundred ten liters of breath."

KPD form 544, the second form read to Respondent entitled "Refusal to Submit to

---

1. For purposes of preserving confidentiality, Respondent–Appellee is referred to as "John Doe."

2. The presiding judge in this case was the Honorable Calvin·K. Murashige.

Testing for Measurable Amounts of Alcohol," was specifically addressed to arrestees under the age of twenty-one and stated as follows:

IN ADDITION TO THE ADMINISTRATIVE DRIVER LICENSE REVOCATION LAW, I READ THE FOLLOWING TO THE ARRESTEE[:]

Because you are under the age of twenty-one years, the following sanctions will apply to you if you refuse to submit to blood or alcohol testing for a measurable amount of alcohol a measurable amount of alcohol *is defined as a test result equal to or greater than .02 but less than .08 grams of alcohol per one hundred milliliters or cubic centimeters of blood or equal to or greater than .02 but less than .08 grams of alcohol per two hundred ten liters of breath;*

Pursuant to [HRS] § 286–151.5, Refusal to Submit to Testing for a Measurable Amount of Alcohol, I must inform you [Respondent] of the following[:]

A. *That you may take either a blood test, a breath test, or both tests or refuse to take any tests;*

B. If a judge finds that there was probable cause to believe that you were under the age of twenty-one years and drove or were in actual physical control of a motor vehicle or moped upon a public highway with a measurable amount of alcohol concentration, and after being informed of the sanctions of this section you refused to submit to a breath or blood test, the judge will suspend your license, permit, or any nonresident operating privilege as follows[:]

1. *One year, if your driving record shows no prior suspensions under this section, instead of up to six months if you choose to take a test and then failed it;* and

2. Not less than two years and not more th[a]n five years, if your driving record shows one prior suspension under this section, instead of one to two years if you choose to take a test and failed it.

(Emphases added.)

The prohibition against operating a vehicle with a BAC reading of between .02 but less than .08 grams of alcohol is set forth in HRS § 291–4.3. *See infra* at 13–14. HRS § 286–151.5 (Supp.2000) provides that refusal to take the test eventuates in a twelve-month suspension. *See infra* at 12–13.

On November 30, 1999, the prosecution filed a petition pursuant to HRS chapter 571,[3] charging Respondent with violating HRS § 291–4.3, apparently because his BAC test result was greater than .02 but less than .08 grams of alcohol, as follows:

[T]hat on or about the 30th day of September, 1999, in the County of Kauai, State of Hawaii, [Respondent] was under the age of twenty-one years and did drive, operate, or assume actual physical control of the operation of any vehicle with a measurable amount of alcohol concentration, thereby committing the offense of Driving After Consuming a Measurable Amount of Alcohol in violation of Section 291–4.3 of the Hawaii Revised Statutes.

The legislative history of HRS § 291–4.3 reflects that the law's purpose was to

discourage youth under the legal drinking age of twenty-one from operating vehicles after consuming alcohol [because] ... minors may become impaired for safe operation of vehicles with less than the legal [BAC] of .08 .... [and] [driving under the influence of intoxicating liquor (DUI)] penalties are not severe enough to deter impaired drivers from driving.

Stand. Comm. Rpt. No. 73, in 1997 Hse. Journal, at 1146. The bill "stipulate[d] that a minor commits a DUI offense with *any* amount of alcohol in the person's breath or blood[,]" *id.* (emphasis added), thus creating a new offense for persons under the age of twenty-one who drive with an alcohol concentration equal to or greater than .02 and less than .08, otherwise known as "zero toler-

---

**3.** Under HRS chapter 571, the family court "shall have exclusive original jurisdiction in proceedings ... '[c]oncerning any person who is alleged to have committed an act prior to achiev- ing eighteen years of age which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance.'" HRS § 571-11(1).

ance," in part because "[a]ccident rates for these drivers are approximately double than would be expected, given their proportion among all licensed drivers." Stand. Comm. Rpt. No. 1018, in 1997 Hse. Journal, at 1497.

On April 19, 2000, Respondent moved to suppress evidence of his breath test result at trial on the basis of *Wilson, supra.*

On April 26, 2000, the court held a hearing on Respondent's motion. The court granted Respondent's motion.[4]

On May 16, 2000, the court filed findings of fact, conclusions of law, and an order granting Respondent's motion to suppress. The pertinent findings of fact and conclusions of law provide:

## FINDINGS OF FACT

. . . .

4. . . . [T]he parties have stipulated to the Minor's birth date being April 13, 1982, the events described occurred in the County of Kauai, State of Hawaii, the Respondent was the person the police arrested on September 30, 1999, and KPD forms 209 and 544, which were attached to Respondent's Motion to Suppress Evidence as exhibits A and B, respectively, were the forms used to advise the Respondent of the Implied Consent Law.

## CONCLUSIONS OF LAW

. . . .

1. Under the implied consent law, H.R.S. Section 286–151(a),[5] the arresting officer must inform the arrestee of the choice to take a breath test, blood test, or both, and "shall also inform the person of the sanctions." *State v. Wilson,* [92 Hawai'i at 49, 987 P.2d at 272].

2. A driver's "implied consent" to a chemical alcohol test is qualified by the right to refuse such a test after being accurately informed of the right to consent to refuse, as well as the consequences of such consent or refusal. The accurate warnings enable the driver to knowingly and intelligently consent to or refuse a chemical alcohol test. *Id.*

3. In the present case, the police used two forms to advise the Respondent of the Implied Consent Law: Exhibit A, KPD form 209 and Exhibit B, KPD form 544.

4. *KPD form 209 inaccurately advised the Respondent of the sanctions if he chose to take the breath test and failed it.*

5. The minimum period of revocation for an arrestee without a prior enforcement record who consents to the test and fails is three months and the maximum is one year. *See Gray v. Adm. Dir. of the Court,* 84 Hawai'i 138, 931 P.2d 580 (1997).

6. KPD form 209 read to the Respondent by the police stated only that a "three month revocation . . . would apply if you chose to take the test and failed it." *The form failed to advise the Respondent that his license could be revoked for three months up to one year by consenting to and failing a test.*

7. *KPD form 544 (Exhibit B) advised the Respondent that if a judge finds probable cause to believe that he was under [the] age of twenty-one and drove or was in actual physical control of a motor vehi-*

---

4. The court informed Respondent that its decision was based on a "technicality" and warned that if Respondent was "caught" drinking, since he is under twenty-one, he would "lose his license and . . . have other penalties to suffer."

5. HRS § 286–151(a) and (b)(2) (Supp.1999), states in pertinent part as follows:

**Implied consent of driver of motor vehicle or moped to submit to testing to determine alcohol concentration and drug content.** (a) Any person who operates a motor vehicle or moped on the public highways of the State shall be deemed to have given consent, subject to this part, to a test or tests approved by the director of health of the person's breath, blood, or urine for the purpose of determining alcohol

concentration or drug content of the person's breath, blood, or urine, as applicable.

(b) *The test or tests shall be administered at the request of a police officer having probable cause to believe the person driving* or in actual physical control of a motor vehicle or moped upon the public highways *is under the influence of intoxicating liquor* or drugs, *or is under the age of twenty-one and has a measurable amount of alcohol concentration, only after:*

. . . .

(2) *The person has been informed by a police officer of the sanctions under part XIV and sections 286–151.5 and 286–157.3.*

(Emphases added.)

*cle or moped upon a public highway with a measurable amount of alcohol concentration, and after refused [sic] to submit to a breath or blood test, the judge will suspend your license, permit, or any nonresident operating privilege for one year if his driving record "shows no prior suspensions under this section, instead of up to six months if you choose to take a test and failed it."*

8. *KPD form 544 misstates the sanctions under H.R.S. Section 291.4.3.*

9. H.R.S. Section 291–4.3 calls for a one hundred eighty-day *prompt* suspension of license if the person is under the age of 18 as oppose[d] to "up to six months" as KPD form 544 states.

10. *Both forms used by the police on September 30, 1999 to advise the Respondent of the sanctions of the implied consent law were misleading and did not fully inform the Respondent of the legal consequences of submitting to a blood or breath test.*

11. Thus, the Respondent did not knowingly and intelligently consent to the chemical alcohol test.

(Emphases added.)

On May 25, 2000, the prosecution filed a notice of appeal.

## II.

The prosecution maintains the court erred in concluding (1) that HRS § 291–4.3 was relevant to KPD form 209; (2) that KPD form 544 inaccurately informed Respondent of the applicable sanctions for taking and failing a BAC test; (3) that Respondent did not knowingly and intelligently consent to the BAC test; (4) that Respondent was misled by the warning given as to the criminal license suspension; and (5) suppression was warranted.

■ As to contention (5), the prosecution concedes Respondent was inaccurately warned, as was the adult driver in *Wilson*, but maintains that *Wilson* should be reconsidered and that *Wilson* applied to a "DUI" prosecution under HRS § 291–4 rather than a prosecution under HRS § 291–4.3. In *Garcia*, we reaffirmed the *Wilson* precedent and

thereby resolved the prosecution's request for reconsideration of the *Wilson* holding. Inasmuch as a driver, criminally prosecuted under HRS § 291–4.3, is entitled to be informed of the consequences of consenting to or refusing a BAC test pursuant to HRS § 286–151(a) and (b)(2), *see supra* note 5, we see no principled reason for distinguishing the principles laid down in *Wilson* in a HRS § 291–4(a)(2) prosecution from those that should be applied in a HRS § 291–4.3 prosecution.

■ For the reasons set forth in our discussion, *infra*, we do not concur with the prosecution's remaining arguments, all of which concern the court's conclusions of law and not any of the findings it rendered. "[T]he family court's [conclusions of law] are reviewed on appeal de novo, under the right/wrong standard.... [Conclusions of law], consequently, are not binding upon an appellate court and [are] freely reviewable for [their] correctness." *In re Doe,* 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001). *See Doe v. Roe,* 85 Hawai'i 151, 159, 938 P.2d 1170, 1178 (App.1997) (citing *Mack v. Mack,* 7 Haw.App. 171, 180, 749 P.2d 478, 483 (1988)).

## III.

### A.

KPD form 209 referred to the ADLR Law. In *Gray v. Administrative Director of the Court, State of Hawai'i,* 84 Hawai'i 138, 931 P.2d 580 (1997), this court, construing HRS § 286–261, indicated *inter alia* that in administratively revoking the drivers' licenses of persons who had been arrested and failed a BAC test, "the [Administrative] Director is accorded the discretionary authority to increase the minimum periods of administrative revocation for [such] 'non-refusing' arrestees[.]" *Id.* at 160, 931 P.2d at 602. In that respect, "if an arrestee with no prior alcohol enforcement contacts during the five years predating the date of arrest consents to a blood [or breath] test and fails, he or she may face revocation of his or her driving privileges from three months *up to one year." Wilson,* 92 Hawai'i at 49, 987 P.2d at

272 (citing HRS § 286–261(b)(1) and (c) (Supp.1998)) (emphasis added).

In *Wilson*, a majority of this court applied the holding in *Gray* to the advice rendered by police officers in requesting a driver's consent to a BAC test. In that case, Wilson was informed that "if [he] refuse[d] to take any [BAC] tests[,] ... [his] driving privileges *will be revoked for one year instead of the three month revocation* that would apply if [he] chose to take the test and failed it." *Id.* at 47, 987 P.2d at 270 (some emphasis added and some deleted). Because under *Gray*'s interpretation of HRS § 286–261(b) "Wilson was subject to revocation ... for three months *to a year* by consenting to and failing [the test]," *id.* at 51, 987 P.2d at 274 (emphasis added), it was concluded that the officer's advice "was inaccurate and misleading and did not fully inform Wilson of the legal consequences of submitting to a blood test." *Id.* (footnote omitted). Viewing the misleading information as "relevant to [Wilson's] decision whether to agree to or refuse the blood alcohol test[,]" the majority concluded that Wilson "did not make a knowing and intelligent decision whether to exercise his statutory right of consent or refusal." *Id.* As a result, the majority directed that "the arresting officer's violation of HRS chapter 286's consent requirement precludes admissibility of Wilson's blood test results in his related criminal DUI proceeding" and affirmed suppression of the test results by the district court, *id.* at 53–54, 987 P.2d at 276–77 (footnote omitted), under this court's supervisory powers as espoused in *State v. Pattioay*, 78 Hawai'i 455, 469, 896 P.2d 911, 925 (1995).

### B.

█ The information conveyed by KPD form 209 to Respondent in this case is of the same import as that rendered in *Wilson*, *see supra*, and consequently is subject to the *Wilson* holding. Inasmuch as the information in part "B" of KPD form 209, quoted *supra*, is identical (save for the use of the

term "your" before the word "arrest") to advice rendered by the police officer in *Wilson*, the information given by the arresting officer through KPD form 209 "was inaccurate and misleading and did not fully inform [Respondent] of the legal consequences of submitting to a blood test." *Wilson*, 92 Hawai'i at 51, 987 P.2d at 274. Accordingly, the court correctly concluded that KPD form 209 failed to properly inform Respondent of his right to consent to or to refuse the test. As we have adhered to the precedent established in *Wilson*, *see Garcia*, 96 Hawai'i at 206, 29 P.3d at 925, it is required that Respondent's resulting BAC test result be suppressed. *See Wilson*, 92 Hawai'i at 53–54, 987 P.2d at 276–77.

### IV.

█ The court also correctly concluded that KPD form 544 misstated the sanctions permitted under HRS § 291–4.3.

HRS § 286–151.5,[6] referred to in KPD form 544, states in pertinent part as follows:

**Refusal to submit to testing for measurable amount of alcohol; district court hearing; sanctions; appeals; admissibility.** (a) *If a person under arrest for driving after consuming a measurable amount of alcohol, pursuant to section 291–4.3, refuses to submit to a breath or blood test, none shall be given*, except as provided in section 286–163, but the arresting officer, as soon as practicable, shall submit an affidavit to a district judge of the circuit in which the arrest was made, stating:

(1) That at the time of the arrest, the arresting officer had probable cause to believe the arrested person was under the age of twenty-one and had been operating a motor vehicle or moped upon the public highways with a measurable amount of alcohol concentration;

---

6. Effective January 1, 2002, HRS §§ 286-151 to -163 and HRS §§ 286-251 to -266 will be repealed and replaced by a new HRS chapter, that will be entitled "Use of Intoxicants while Operating a Vehicle." *2000 Haw. Sess. L. Act 189*, §§ 22, 23, 28, & 29, at 407, 432. The purpose of this new chapter "is to consolidate, for purposes of uniformity and consistency, where appropriate, the provisions relating to operating a vehicle while using an intoxicant." *2000 Haw. Sess. L. Act 189*, § 22, at 407.

(2) *That the arrested person had been informed of the sanctions of this section; and*

(3) *That the person had refused to submit to a breath or blood test.*

(b) Upon receipt of the affidavit, the district judge shall hold a hearing within twenty days. . . .

. . . .

(c) If the district judge finds the statements contained in the affidavit are true, *the judge shall suspend the arrested person's operating privilege as follows:*

(1) For a first suspension, or any suspension not preceded within a five-year period by a suspension under this section, *for a period of twelve months* [.]

(Emphases added.) Thus under HRS § 286-151.5, refusal to submit to a test results in a first suspension of twelve months. The "one-year" pronouncement in KPD form 544 thus is correct.

However, consenting to the test and failing it culminates, as directed by HRS § 291-4.3, in a "prompt" 180-day license suspension.[7] HRS 291-4.3 provides in pertinent part, as follows:

**Driving after consuming a measurable amount of alcohol; persons under the age of twenty-one.** (a) It shall be unlawful for any person under the age of twenty-one years to drive, operate, or assume actual physical control of the operation of any vehicle with a measurable amount of alcohol concentration. A law enforcement officer may arrest a person under this section when the officer has probable cause to believe the arrested person is under the age of twenty-one and had been driving or was in actual physical control of a motor vehicle or moped upon the public highways with a measurable amount of alcohol. . . .

(b) *A person who violates this section shall be sentenced as follows:*

(1) *For a first violation or any violation not preceded within a five-year period by a prior alcohol enforcement contact:*

(A) The court shall impose:

(i) A requirement that the person and, if the person is under the age of eighteen, the person's parent or guardian attend an alcohol abuse education and counseling program for not more than ten hours; and

(ii) *One hundred eighty-day prompt suspension of license with absolute prohibition from operating a motor vehicle during suspension of license,* or in the case of a person eighteen years of age or older, the court may impose, in lieu of the one hundred eighty-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a motor vehicle and, for the remainder of the one hundred eighty-day period, a restriction on the license that allows the person to drive for limited work-related purposes and to participate in alcohol abuse education and treatment programs[.]

(Emphases added.) As mandated in HRS § 291-4.3, the penalty assessed is an unqualified "six months" suspension rather than a suspension of "up to six months" as stated in KPD form 544, for "tak[ing] a [BAC] test and fail[ing] it." Consequently, the prosecution's first argument, that HRS § 291-4.3 did not apply to KPD form 544, is incorrect.

██ Also, contrary to the prosecution's second contention, form 544 did inaccurately convey the nature of the consequences befalling Respondent, holding out the possibility of a suspension of less than 180 days if the test taken was failed, when such a disposition was foreclosed by HRS § 291-4.3. Respondent's consent, then, to the breath test was not a fully informed one. The putative agreement under such circumstances cannot be deemed

---

7. Effective January 1, 2002, HRS 291-4.3 will be repealed. 2000 Haw. Sess. L. Act 189, §§ 22 & 23, at 407, 428-30. It will be replaced by subsection 84 under a new HRS chapter, entitled, "Use of Intoxicants while Operating a Motor Vehicle." 2000 Haw. Sess. L. Act 189, §§ 22, 23, & 31, at 407, 428-30, 432. Subsection 84 will not be substantively different from the current HRS § 291-4.3.

a knowing and intelligent consent as urged in the prosecution's third point. *See Garcia*, 96 Hawai'i at 204, 29 P.3d at 923. ("Viewing the misleading information as 'relevant to his decision whether to agree to or refuse the blood alcohol test[,]' a majority of this court . . . concluded that [arrestee] 'did not make a knowing and intelligent decision whether to exercise his statutory right of consent or refusal.'" (quoting *Wilson*, 92 Hawai'i at 51, 987 P.2d at 274)). Finally, the prosecution's fourth proposition, that Respondent was not misled because he "was advised of the longest possible suspension" does not obviate the inaccurate communication that Respondent was eligible for a lesser suspension if he consented to the test.

As in *Wilson*, here, "[s]uppression rest[s] on the . . . [principle] that the misleading information legally precluded an arrestee from making 'a knowing and intelligent decision [of] whether to consent to or refuse a blood test.'" *Id.*, at 206, 29 P.3d at 925. (quoting *Wilson*, 92 Hawai'i at 52 n. 9, 987 P.2d at 275 n. 9). Accordingly, we affirm the court's May 16, 2000 findings of fact, conclusions of law, and order granting Respondent's motion to suppress.

### DISSENTING OPINION BY NAKAYAMA, J., WITH WHOM RAMIL, J., JOINS

I respectfully dissent from the majority's opinion. For the reasons discussed in my dissent in *State v. Garcia* (Nakayama, J., dissenting), I believe that *State v. Wilson*, 92 Hawai'i 45, 987 P.2d 268 (1999), was wrongly decided and should be overruled.

Similar to the warnings given in *Wilson* and *Garcia*, KPD form 209, entitled "Hawai'i Administrative Driver's License Revocation Law," inaccurately informed Petitioner that his license would be administratively revoked for three months if he took a blood and/or breath test and failed. Pursuant to HRS § 286–261(b) (Supp.2000) and *Gray v. Administrative Director of the Court, State of Hawai'i*, 84 Hawai'i 138, 931 P.2d 580 (1997), his license could be revoked from three months up to one year. As discussed in my dissents in *Wilson* and *Garcia*, this warning, although erroneous, does not warrant the exceptional action of invoking this court's supervisory powers to suppress the results of Petitioner's breath test.

There are even fewer grounds to suppress the test results based upon the error in KPD form 544, entitled "Refusal to Submit to Testing for Measurable Amounts of Alcohol." According to KPD form 544, Petitioner would receive "up to six months" if he took a blood and/or breath test and failed. However, HRS § 291–4.3(b)(1)(A)(ii) (Supp.2000) requires a "[o]ne hundred eighty-day prompt suspension[.]" Although KPD form 544 incorrectly implied that a suspension of less than six months was possible, Petitioner would not have received a suspension greater than that which he had been informed of. The error in KPD form 544 is not so misleading as to have unfairly "tricked" or "coerced" Petitioner to consent to the test. *See Wilson*, 92 Hawai'i at 60, 987 P.2d at 283 (Nakayama, J., dissenting). Therefore, "the principles of fairness and due process underlying the exclusionary rule do not require the suppression of [Petitioner's] test results." *Id.*

Based on the foregoing, I would vacate the family court's findings of fact, conclusions of law, and order granting Petitioner's motion to suppress.